IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DANIEL TODD MATHIS                                                                    PLAINTIFF

v.                                        Civil No. 1:22-cv-01052

CAPTAIN RICHARD MITCHAM;
NURSE CASIE SANFORD;
NURSE HARLEY WEST; and
DR. DEANNA HOPSON                                                                    DEFENDANTS

**ORDER**

Plaintiff, Daniel Todd Mathis, filed this 42 U.S.C. § 1983 action *pro se* on September 13, 2022. (ECF No. 1). Plaintiff was granted Leave to Proceed *in forma pauperis* on the same day. (ECF No. 3). Before the Court is Plaintiff's failure to comply with orders of the Court.

On September 14, 2022, the Court ordered Plaintiff to file an amended complaint by October 5, 2022. (ECF No. 6). In this Order, Plaintiff was advised that this case would be subject to dismissal if he failed to return the amended complaint to the Court by the deadline. *Id.* Plaintiff did not file an amended complaint.

The Court then entered an Order to Show Cause directing Plaintiff to show cause why he failed to follow the Court's September 14, 2022 Order directing him to file an amended complaint. (ECF No. 7). Plaintiff's response to the Show Cause Order was due on November 2, 2022. To date, Plaintiff has not filed a response to the Show Cause Order or filed an amended complaint. No Orders sent to Plaintiff's address of record have been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

It is the duty of any party not represented by counsel to promptly notify

> the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey the orders of the Court.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of January, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge